805 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven C. WILSON, et al., and all others similarly situated
with 40 years or more or natural life sentences;
Plaintiff-Appellant,
v.
Aaron JOHNSON, James Martin, John G. Patseavouras; David
Chester, Preston Bunch, Defendants-Appellees.
 No. 86-7194.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1986.
Decided Nov. 20, 1986.
 
 Steven C. Wilson, appellant pro se.
 Jacob Leonard Safron, Office of the Attorney General of North Carolina, for appellees.
 E.D.N.C.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (C/A No. 86-2-CRT)
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven C. Wilson, a North Carolina inmate serving a life sentence, appeals from the dismissal of his civil rights suit. We affirm.
 
 
 2
 Wilson alleges that his constitutional rights are being violated because he has been denied a "vested right" to apply for a transfer, pursuant to North Carolina's Interstate Corrections Compact, N.C.Gen.Stat. Secs. 148-119, -120, to be closer to his family in Florida. We agree with the district court that Wilson has no constitutional right to a change of his custodial location by reason of the Interstate Corrections Compact. Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a state, he has no justifiable expectation that he will be transferred to any particular state. Confinement in the state of conviction is " 'within the normal limits or range of custody which the conviction has authorized the State to impose.' " Olim v. Wakinekona, 461 U.S. 238, 247 (1983) (quoting Meachum v. Fano, 427 U.S. 215, 225 (1976)).
 
 
 3
 Wilson, conceding that he has no right to a transfer, raises the separate question of whether he has a "vested right" to apply for a transfer. Process is not, however, an end in itself. "Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim, 461 U.S. at 250. North Carolina's prison regulations create no liberty interest; even if prison officials had failed to follow the procedural structure adopted to regulate interstate prisoner transfers, no constitutional violation would occur where a prisoner has not raised even the specter of a legitimate claim to a transfer. Wilson admits that he has no legitimate expectation to a transfer, so his claim fails; the district court's dismissal was proper.
 
 
 4
 We dispense with oral argument because the issues are adequately developed in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.